UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JACK VASI<br>NATHAN GLICK, | )<br>)<br>) | CASE NO. 1:09 CV 2295 |
| Plaintiffs, | )<br>) | JUDGE CHRISTOPHER A. BOYKO |
| v. | )<br>) | MEMORANDUM OF OPINION |
| IB PROPERTY HOLDING, LLC, et al., | )<br>) | AND ORDER |
| Defendants. | ) | |

On October 5, 2009, pro se plaintiffs Jack Vasi and Nathan Glick filed this action under 42 U.S.C. §§1983, 1985, and 1986; 28 U.S.C. § 2254; the Patriot Act; 18 U.S.C. §§ 241, 242, 1512, 1968, and 1964; and "Title 12, Title 31, Title 18, Title 33, FDICA 1 Stat. 23, The Constitution of the United States mandates a Constitutional oath of office in Article VI Clause 3, the requirement of civil commissions...in Article 11 § 2, Clause 2 of the Constitution" against IB Property Hold, LLC, the Law Offices of John D. Clunk Co., Robert R. Hoose, Bayview Loan Servicing, Steve Demarest, Interbay Funding, LLC, Ron White and John/Jane Doe. They seek $20,000,000.00 in damages, an order reversing all other court decisions which were adverse to them, an injunction to prevent the sale of certain properties, and return of the title of those properties to them.

**Background**

Plaintiffs state that on November 19, 2007 and December 4, 2007, Complaints in Mortgage Foreclosure were filed in Lorain County, Ohio. They provide very little information about these proceedings except to say that "pleadings were deliberately and lawlessly shelved, and hearing and rulings deliberately delayed until Plaintiff's illegal and unconstitutional due process violations." (Compl. at 22.) They then indicate a "Praecipe for Default Judgment to Cause Sale of Real Property" was filed "including other documents filed which Defendants had no power to act. Loans have already been paid in full by transfer AIG, etc . . .." (Compl. at 4.) These are the only factual allegations in the complaint. The remainder of the pleading is comprised entirely of legal rhetoric. They conclude by explaining:

> The bank made the alleged borrower a depositor by depositing a $149,000 negotiable instrument, for example, which the bank sold or had available to sell for approximately $ 149.000 in legal tender. The bank did not credit the borrower's transaction account showing that the bank owed the borrower $ 149,000. Rather the bank claimed that the alleged borrower owed the bank the $ 149,000, then placed a lien on the borrower's real property for $ 149,000 and demanded loan payments or the bank would foreclose. The bank deposited a non-legal tender negotiable instrument and exchanged it for another non-legal cheque, which traded like money, using the deposited negotiable instrument as the money deposited. The bank changed the currency without the borrower's authorization. . . . No loan ever took place. . . . The transaction that took place was merely a change of currency (without authorization), a negotiable instrument for a cheque. . . . An exchange is not a loan.

(Compl. at 24-25.) They ask this court to award them $20,000,000 in damages, vacate the state court judgments against them and enjoin execution of those judgments.

**Analysis**

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364,

-2-

365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criterion.

To the extent that Plaintiffs ask this Court to overturn the decisions of the Lorain County Court, they cannot obtain relief. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. See Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see also Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998);

see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, the abbreviated factual content suggests only that the Plaintiffs disagree with the results of two state court foreclosure actions. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to their case, and are clearly predicated on their belief that the state courts were mistaken in rendering decisions against them. Moreover, Plaintiff requests as relief that the state judgment be declared unconstitutional and their execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against them. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

To the extent Plaintiffs are requesting this Court to enjoin on-going collection proceedings, relief cannot be granted. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.

Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a state foreclosure matter, which are of paramount state interest. Doscher v. Menifee Circuit Court, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that Younger abstention was required in plaintiff's challenge to a state court foreclosure action). Plaintiffs ask this court to stop the sheriff's sale of the foreclosed properties which appears to be pending. The Court is required to abstain from interfering in those proceedings.

Finally, to the extent that the Plaintiffs merely seek to litigate the foreclosure case anew in federal court, they are barred from proceeding. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. Id. Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might

have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Allen v. McCurry, 449 U.S. 90, 94 (1980). The Ohio courts have already determined that the matter of the foreclosure of these properties. This court is bound to give full faith and credit to the decisions of those courts.

## Conclusion

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]


IT IS SO ORDERED.


 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

November 19, 2009

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.